UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GREGORY BRASSFIELD and                                    PLAINTIFFS
MELINDA R. BRASSFIELD

V.                          CIVIL ACTION NO. 3:22-CV-654-KHJ-BWR

WELLS FARGO BANK, et al.                                  DEFENDANTS

ORDER

Before the Court are Motions to Dismiss by Defendants Stamps and Stamps

Law Firm ("Stamps"), [6], Wells Fargo Bank and Mortgage Electronic Registration

Systems, Inc. ("MERS"), [10], Liberty Bank & Trust Co. ("Liberty"), [18], and Dean

Morris LLC, [27]; Stamps's [12] Motion for Sanctions and [24] Motion to Strike; and

Pro se Plaintiff Gregory Brassfield's [20] Motion to Dismiss. Plaintiffs did not

respond to any of Defendants' pending motions. For the following reasons, the Court

grants in part and denies in part all of Defendants' motions to dismiss; denies

Defendant Stamps's Motion to Strike and Motion for Sanctions; and denies

Brassfield's motion.

I.      Background

Pro se Plaintiffs Gregory Brassfield and Melinda R. Brassfield (collectively,

"the Brassfields") filed this action based on events dating back to 2013. Attach.

Compl. [1-1] ¶ 4. That year, MERS acted as a nominee for Liberty and assigned an

unspecified deed of trust to Wells Fargo. *Id.* In 2021, the holder[1] of the deed filed a loan-modification agreement. *Id.* In 2022, the holder substituted and appointed Dean Morris LLC as substitute trustee, who then allegedly offered the deed of trust for sale to the highest bidder at an auction on November 2, 2022. *Id.* Rankin County Chancery Clerk Larry Swales certified the filing on October 7, 2022. *Id.*

Plaintiffs supply no further information related to the deed. They assert 26 causes of action against eight defendants, including Wells Fargo, MERS, Liberty, Dean Morris LLC, Stamps, Rankin County Land Records, the State of Mississippi, and Swales.[2] [1-1] ¶¶ 2, 5. They seek various forms of injunctive relief and monetary damages in the form of discharging unspecified debt. *Id.* at 9.

As reflected above, Defendants have each moved to dismiss. First, Stamps argues the Court lacks subject-matter jurisdiction, the Brassfields did not properly serve process on it, and the Brassfields fail to state a claim against it. *See* Mem. Supp. Stamps Mot. Dismiss [7] at 3, 7, 14.[3] Stamps also moves for sanctions based on the frivolousness of the lawsuit. *See* Mem. Supp. Mot. Sanctions [13] at 2. Second, Wells Fargo and MERS argue the Brassfields' Complaint constitutes

---

[1] Plaintiffs do not clarify whether Wells Fargo or another Defendant was the holder. [11] ¶ 2; *see also* [1-1] ¶ 4.

[2] Although the Brassfields listed Rankin County Land Records, the State of Mississippi, and Swales in the Attachment to their Complaint, they did not name them as Defendants in the Brassfields' actual Complaint. *See* Compl. [1] at 2.

[3] Stamps also asks for attorney fees and costs if the Court dismisses the action. [7] at 16. The Court declines to award attorneys' fees because—among other reasons—it only grants Stamps's motion in part with respect to certain claims having no private right of action and denies the motion on all other grounds.

improper "shotgun pleading" and raises claims that fail as a matter of law. Mem. Supp. Wells Fargo Mot. Dismiss [11] at 5, 7. Alternatively, Wells Fargo requests a more definite statement. *Id.* at 13. Next, Liberty asserts similar arguments as Wells Fargo and MERS but adds that the Fair Credit Reporting Act preempts some of the Brassfields' claims. Mem. Supp. Liberty Mot. Dismiss [19] at 9. Finally, Dean Morris LLC also asserts similar arguments as Wells Fargo, MERS, and Liberty. *See* Mem. Supp. Dean Morris Mot. Dismiss [11] at 3–8.

The Brassfields filed their own [21] Motion to Dismiss, generally asserting various arguments against unspecified Defendants. *E.g.*, Pl.'s Mot. Dismiss [20] at 2.[4] Stamps moves to strike the Brassfields' motion and memorandum as "immaterial[] and/or impertinent." Mem. Supp. Mot. Strike [25] at 2.

## II. Stamps's Motion to Dismiss for Lack of Subject-Matter Jurisdiction

The Court first addresses Stamps' jurisdictional challenge. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

### A. Standard

A party who files a Rule 12(b)(1) motion may challenge the facial or factual subject matter jurisdiction of a federal court. Fed. R. Civ. P. 12(b)(1); *see Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981) (distinguishing facial and factual

---

[4] The Brassfields filed the same document as their Motion and supporting Memorandum. *See* [20]; [21].

challenges). A facial attack requires the Court to accept all allegations in the complaint as true to determine whether the Court has subject matter jurisdiction. *Oaxaca*, 641 F.2d at 391. Conversely, a factual attack challenges the jurisdictional facts and allows the Court to consider matters outside the pleadings. *Id.* Regardless, "[t]he party seeking to assert federal jurisdiction has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).

 B.  Analysis

 Stamps argues the Court lacks subject-matter jurisdiction because (1) the parties are not completely diverse and (2) the Brassfields' federal claims lack merit. Its arguments fail because the Court has federal-question jurisdiction. Most of the Brassfields' claims arise under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq. See* [1-1] at 4–6. That alone provides a basis for subject-matter jurisdiction. *See Campos v. J Northland Grp, Inc.*, No. 5:19-CV-85, 2020 WL 13401936, at *1 n.1 (W.D. Tex. Oct. 14, 2020) (noting court had subject-matter jurisdiction over claims under FDCPA). Whether the claims are viable is generally irrelevant. *See Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 344 (5th Cir. 2014) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)). "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is . . . completely devoid of merit as not to involve a federal controversy." *Steel Co.*, 523 U.S. at 89.

4

Stamps does not argue the claims are "completely devoid of merit as not to involve a federal controversy." Instead, it essentially argues the claims would not survive a 12(b)(6) analysis. *See* [7] at 5–6. But "whether the Court lacks subject matter jurisdiction and whether [the p]laintiff has failed to state a claim . . . are distinct questions." *Alden v. Allied Adult & Child Clinic, LLC*, 171 F. Supp. 2d 647, 649 (E.D. La. 2001). Accordingly, failure to survive a separate 12(b)(6) analysis would not divest the Court of federal-question jurisdiction.

III.    Stamps's Motion to Dismiss for Insufficient Service of Process

The Court next addresses Stamps's argument that the Brassfields did not effectively serve process on it. *See* [7] at 14–16.

A.  Standard

"[S]ervice of process must occur in accordance with Federal Rule of Civil Procedure 4." *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999). "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). The plaintiff must file proof of service with the court after it effects service. *Id.* 4(l)(1). Pro se litigants must comply with those requirements but are granted "some leeway with regard to service deadlines and procedures." *Flander v. Kforce, Inc.*, 526 F. App'x 364, 368 (5th Cir. 2013) (per curiam).

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action

5

without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). A court must extend the time for service if the plaintiff demonstrates good cause for their failure to effect service. *Id.*

B. Analysis

Stamps argues the Brassfields did not serve process on any registered agent of Stamps and Stamps Law Firm—a partnership—because they served it on a receptionist who never had authority to accept service on its behalf. [7] at 15–16. Notably, the Brassfields have not filed proof of valid service on the docket.

"[Federal Rule of Civil Procedure] 4(h)(1) provides two methods by which a [partnership] may be served within the United States." *Dow Disaster Restoration, LLC v. Favre*, No. 1:20-CV-155, 2020 WL 8409097, at *2 (S.D. Miss. Sept. 1, 2020) (citation omitted). The first option directs plaintiffs to Rule 4(e)(1), which then requires plaintiffs to follow Mississippi's rules for serving an individual defendant. *See Holmes v. All Am. Check Cashing, Inc.*, No. 2:11-CV-7, 2014 WL 988964, at *2 (N.D. Miss. Mar. 13, 2014); Fed. R. Civ. P. 4(h)(1)(A). The second option allows service "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." *Favre*, 2020 WL 8409097, at *2 (quoting Fed. R. Civ. P. 4(h)(1)(B)). Because the Brassfields attempted to serve by certified mail, Rule 4(h)(1)(B) does not apply, and they must follow Mississippi's rules for service on an individual. *See* [6-2]; *Holmes*, 2014 WL 988964, at *2.

The issue, then, is whether Mississippi law allows the Brassfields to serve Stamps by certified mail. The Mississippi Supreme Court has "held unequivocally" that a plaintiff cannot serve an in-state defendant by certified mail. *Cent. Insurers of Grenada, Inc. v. Greenwood*, 268 So. 3d 493, 502 (Miss. 2018) (citation omitted); Miss. R. Civ. P. 4(c)(5) (allowing certified-mail service on non-residents only). That error "amounts to no service at all upon an in-state defendant." *Id.* Instead, the only mail option for a plaintiff to serve process is "by *first-class* mail, accompanied by two copies of a notice and acknowledgement conforming substantially to Form 1-B of the Mississippi Rules of Civil Procedure." *Id.* (citing Miss. R. Civ. P. 4(c)(3)(A)) (emphasis added). Accordingly, the Brassfields' attempt to serve Stamps through certified mail does not satisfy Mississippi's rules for service of process. *See Greenwood*, 268 So. 3d at 502 (holding plaintiff's attempt to serve resident corporation by certified mail did not satisfy Mississippi Rule of Civil Procedure 4).

Given the Brassfields's pro se status, the Court will allow them more time to effect service under one of the two methods provided under Rule 4(h)(1). *See Favre*, 2020 WL 8409097, at *2–3; Fed. R. Civ. P. 4(m). That is, they must either (a) effect service in accordance with Mississippi's rules for service on an individual or (b) by process server on an agent authorized by Stamps or by law to receive service on behalf of Stamps and Stamps Law Firm. *See Greenwood*, 268 So. 3d at 502.

IV.   Defendants' Motions to Dismiss for Failure to State a Claim

The Court next addresses Defendants' remaining arguments for dismissal. *See* [7] at 7; [11] at 7; [19] at 5–7; [28] at 3.

A. Standard

Rule 12(b)(6) governs motions to dismiss for failure to state a claim. It asks "whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (quotation omitted). A valid claim for relief requires "sufficient [facts], accepted as true" that give the claim "facial plausibility" and allow the Court "to draw the reasonable inference that the defendant is liable for the [alleged misconduct]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although the plausibility standard does not impose a "probability requirement," it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Mere "recitals of a cause of action's elements" and "mere conclusory statements" supporting them do not satisfy the plausibility standard. *Id.* (citing *Twombly*, 550 U.S. at 555).

B. Analysis

All Defendants move to dismiss for failure to state a claim. *See* [7] at 7; [11] at 7; [19] at 5–7; [28] at 3. But Wells Fargo, Liberty, and Dean Morris further argue the Complaint constitutes improper "shotgun pleading." [11] at 5; [19] at 4; [28] at 1.

"A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Goode v. Early Encounters, Inc.*, No. 2:12-CV-152, 2022 WL 4488010, at *5 (S.D. Miss. Sept. 27, 2022) (quoting *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021)). For example, shotgun pleadings

"contain several counts . . . with each count incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." *Copeland v. Axion Mortg. Grp. LLC*, No. 1:16-CV-159, 2016 WL 4250431, at \*4 (S.D. Miss. Aug. 11, 2016) (quotations omitted). They also may "fail to distinguish between the actions of named defendants." *Id.* (citing *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)). This Court has found shotgun pleading where a complaint "merely incorporate[d] by reference all facts into multiple single-sentence [c]ounts." *Goode*, 2022 WL 4488010, at \*5.

The Brassfields' Complaint resembles shotgun pleading for two reasons. First, although it includes a short narrative of the Defendants' alleged actions, the narrative does not identify "the holder of said [deed]" as any defendant and it does not tie any Defendant's conduct to any causes of action. [1-1] at 2–4; *see also Sahlein v. Red Oak Cap., Inc.*, No. 3:13-CV-67, 2014 WL 3046477, at \*3 (N.D. Miss. Jul. 3, 2014) (citation omitted) (noting "inclusion of . . . facts not tied to specific causes of action" as characteristic of shotgun pleading). Second, although the Brassfields do not use the specific language "incorporate by reference," they merely provide a bullet-list of alleged causes of action like the plaintiff in *Goode*. [1-1] at 4–6; *See* 2022 WL 4488010, at \*5. The Court will allow the Brassfields to file an amended complaint that better explains their specific claims against each Defendant and the conduct giving rise to the claim. *See Goode*, 2022 WL 4488010, at \*5 (allowing pro se plaintiff opportunity to cure shotgun pleading).

But amendment cannot cure the Brassfields' claims that seek relief under laws that do not provide a private right of action. Aside from the 16 alleged violations of the MDCPA, the 10 remaining counts either do not provide a private right of action or do not clarify the basis for the claim. *See* [1-1] at 4–6. Amendment may cure those claims without clear basis, but it cannot cure those that do not provide a private right of action. Counts 19 and 20 cite 19 U.S.C. §§ 1001, 1346, which are federal "criminal statutes that 'do not provide for a private right of action.'" *See* [1-1] at 6; *Chaney v. Races & Aces*, 590 F. App'x 327, 330 (5th Cir. 2014) (quoting *Ali v. Shabazz*, 8 F.3d 22, 22 (5th Cir. 1993)). Likewise, Count 17 asserts "identity theft" as a claim, which is a crime under Mississippi law rather than a private right of action. *See* [1-1] at 6; Miss. Code Ann. § 97-45-19. And Count 21 cites federal regulations that do not clearly and unambiguously create a cause of action. *See* [1-1] at 6 (citing 48 CFR 52.212-5); *Gonzaga Univ. v. Doe*, 536 U.S. 273, 290 (2002) (holding creation of statutory cause of action requires clear and unambiguous terms).

Because Counts 17, 19, and 20 are criminal statutes that do not create a private cause of action, those claims are dismissed. Likewise, Count 21 relies on a statute that does not clearly and unambiguously provide a private cause of action, so that claim is also dismissed. The Court will allow the Brassfields to clarify their remaining claims—including malfeasance of office, false and misleading practices, false presentments, defamation of character, and invasion of individual and family privacy— by including the law giving rise to the cause of action and facts tying each

defendant to each specific cause of action. *See* [1-1] at 6; *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). As for any claims involving fraud, the Brassfields must plead those claims with particularity—the "who, what, when, where, and how the alleged fraud was committed." *Sherwin Pipeline, Inc. v. Sherwin Alumina Co., LLC*, 952 F.3d 229, 235 n.22 (5th Cir. 2020) (citing Fed. R. Civ. P. 9(b)); *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

V.     Stamps's Motion for Sanctions

Finally, Stamps moves for sanctions against the Brassfields under Rule 11. He argues the action wastes the Court's time and resources and that the Brassfields intended to harass Stamps. *See* [13] at 2–3.

A.   Standard

"Federal Rule of Civil Procedure 11 imposes a duty on . . . pro se litigants when presenting a filing to the court to certify that the filing 'is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.'" *Jesus v. Lamar Co.*, No. 1:22-CV-209, 2022 WL 10668709, at *8 (S.D. Miss. Oct. 18, 2022) (quoting Fed. R. Civ. P. 11(b)(1)). The Court uses an objective standard of reasonableness to determine whether a party has filed a pleading for any improper purpose under Rule 11(b)(1). *Id.* (citation omitted).

B.   Analysis

Rule 11's "safe harbor" provision requires a moving party to serve the motion on the party against whom it seeks sanctions 21 days before presenting the motion

to the Court. *See* Fed. R. Civ. P. 11(c)(2); *In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 672 n.173 (S.D. Tex. 2005) (citing *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995)). Failure to comply with the safe harbor provision provides sufficient basis alone to deny a motion for sanctions because the sanction cannot be upheld. *See Elliott*, 64 F.3d at 216.

Stamps says nothing about Rule 11's safe harbor provision and does not argue it complied with the provision. Accordingly, the Court does not reach the substance of the motion. *See id.* Stamps's [12] Motion for Sanctions is denied.

VI.    Gregory Brassfield's Motion to Dismiss

In Gregory Brassfield's own [20] Motion to Dismiss, he asserts various blanket statements that Defendants have no claim or failed to adequately plead any claims, *e.g.*, [21] at 2, 6, 8; or asserts violations like those in the Complaint, *e.g.*, [21] at 3. Ultimately, the motion does not clarify its purpose or what Brassfield seeks. *See* [21] at 15 (concluding "Defendants [have] failed to state a cause of action on which it may recover.").

The burden is on the moving party to identify the basis of its motion and the relief that it seeks in filing the motion. *See* Fed. R. Civ. P. 7(b)(1). To the extent that Brassfield argues Defendants satisfy no pleading requirements or that they have no claim, no Defendant has filed any counterclaim against the Brassfields. And to the extent that he attempts to raise additional claims in his motion, he must raise those in an amended complaint. *See, e.g.*, *Alexander v. Global Tel Link Corp.*, No. 3:17-CV-560, 2018 WL 3469180, at *4 (S.D. Miss. July 17, 2018) ("Plaintiffs may not

supplement their allegations through their briefing."); *Pickle v. Universal Cable Holdings, Inc.*, 534 F. Supp. 3d 663, 682 (N.D. Tex. 2021) (noting plaintiffs cannot assert new claims at summary-judgment stage); *S.O. v. Hinds Cnty. Sch. Dist.*, No. 3:17-CV-383, 2018 WL 3300227, at *4 n.1 (S.D. Miss. July 3, 2018) (noting plaintiffs cannot raise new claims in response to dispositive motion).

Brassfield does not request any relief the Court can grant. Accordingly, the Court denies his [20] Motion to Dismiss.[5]

VII.    Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court DENIES the following motions:

- Defendant Stamps and Stamps Law Firm's [12] Motion for Sanctions;

- Defendant Stamps and Stamps Law Firm's [24] Motion to Strike; and

- Pro se Plaintiff Gregory Brassfield's [20] Motion to Dismiss.

The Court GRANTS IN PART AND DENIES IN PART the following motions:

- Defendant Stamps and Stamps Law Firms' [6] Motion to Dismiss;

- Wells Fargo Bank's and Mortgage Electronic Registration Systems, Inc.'s [10] Motion to Dismiss;

- Liberty Bank & Trust Co.'s [18] Motion to Dismiss; and

- Dean Morris LLC's [27] Motion to Dismiss.

The Court ORDERS as follows:

---

[5] Because the Court considers Brassfield's motion, it denies Stamps' [24] Motion to Strike.

- Counts 17, 19, 20, and 21 are DISMISSED WITH PREJUDICE.

- Pro se Plaintiffs Gregory and Melissa R. Brassfield will have until May 22, 2023, to amend their Complaint to plead their best case as to the remaining counts, including Counts 1–16, 18, and 22–26.

- The Brassfields will then have 14 days after they file their amended complaint to perfect service of process on Stamps and Stamps Law Firm and to file proof of valid service.

- The Brassfields are warned that failure to comply with this Order may result in dismissal of this action without further notice.

SO ORDERED, this the 21st day of April, 2023.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE